1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>ROSEMARIE CENTRE PTP and SAI CRAN,<br><br>        Defendants. | No. 2:14-cv-02684-TLN-DAD<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

This matter is before the Court pursuant to Defendant Rosemarie Centre PTP's ("Defendant") motion to dismiss for failure to serve. (ECF No. 4.) Plaintiff Scott Johnson filed an untimely opposition due to his attorney's surgery. (ECF No. 7.) The Court finds that Plaintiff has shown good cause for the delay in filing and hereby accepts the filing. Defendant filed a reply to the opposition on May 12, 2015. (ECF No. 8.) The Court has considered the briefing filed by all the parties and for the reasons set forth below hereby DENIES Defendant's motion to dismiss (ECF No. 4).

Plaintiff filed suit in this matter on November 17, 2014, alleging a violation of the Americans with Disabilities Act as well as related state claims. (Compl., ECF No. 1.) A summons was also issued on November 17, 2014, but service was not perfected on Defendant. On March 30, 2015, Defendant admits that she was served with a Summons and Complaint.

1

1 (Mem. In Supp Mot. to Dismiss, ECF No. 4-1 at 1.)  Defendant alleges that this was the first and
2 only notice of the lawsuit provided to Defendant.  (ECF No. 4-1 at 1.)  As a result, Defendant
3 seeks to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(5).

4 Rule 12(b)(5) permits a challenge to the method of service attempted by a plaintiff. Fed.
5 R. Civ. P. 12(b)(5).  Rule 12(b) motions are timely if filed any time before the answer or other
6 responsive pleading is filed.  *Aetna Life Ins. Co. v. Alla Medical Services, Inc.*, 855 F.2d at 1474
7 (9th Cir. 1988).  Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

12 A dismissal for failure to serve within 120 days under Rule 4(m) is an equitable remedy that gives
13 the court discretion to relieve a Defendant of the burden of defending a lawsuit in which he has
14 not been timely served.  *Electrical Specialty Company v. Road and Ranch Supply, Inc.*, 967 F.2d
15 309, 311 (1992).

16 Here, Plaintiff has provided the Court with a sworn declaration asserting that Plaintiff
17 made numerous attempts to serve Defendant.  (Dennis Price Decl., ECF No 7-1.)  Between
18 November 21, 2014, and November 24, 2014, three attempts were made at the place of business,
19 Saigon Sandwich Market, the third of which the process server was told that the target "did not
20 work there."  (ECF No 7-1 at ¶¶ 4–5.)  Additionally, three attempts were made at the general
21 partner of Rosemarie Centre PTP's, Lien Huynh Nguyen, home between December 19, 2014, and
22 December 20, 2014.  (ECF No 7-1 at ¶6.)  Substitute service was finally made on Dr. Nguyen,
23 Partner of the Rosemarie Centre Partnership on March 30, 2015.

24 The Court finds that Plaintiff has shown good cause for the delay in service and thus finds
25 that Plaintiff's failure to serve Defendant within 120 days is excusable.  As such, Defendant's
26 motion to dismiss (ECF No. 4) is hereby DENIED.

27 IT IS SO ORDERED.

28 //

1 | Dated: October 27, 2015

Troy L. Nunley
United States District Judge